# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CORBY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:04-CV-2523 |
| v. | (JUDGE CAPUTO) |
| SCRANTON HOUSING AUTHORITY and its Executive Director, DANIEL E. BAKER, in his official capacity, | |
| Defendants. | |

## ORDER

**NOW**, this   8th   day of September, 2005, following a hearing at which both Plaintiffs and Defendants were present and represented by counsel, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order and Supplemental Preliminary Injunction (Doc. 49) is **GRANTED**:

Plaintiffs have established:  (1) a reasonable likelihood of success on the merits; (2) that irreparable harm will result if the Court denies relief; (3) that even greater harm will not befall Defendant if the Court should grant relief; and (4) that granting preliminary relief will be in the public interest.  *See Forum For Academic and Institutional Rights v. Rumsfield*, 390 F.3d 219, 228 (3d Cir. 2004).

Specifically, as noted in the Court's order of June 7, 2005 (Doc. 47), I find that the likelihood of success on the merits in this case is clear.  In addition, I find that immediate and irreparable harm will result to Plaintiffs if Defendants continue to fill vacancies at Washington Plaza Apartments, pending further order of the Court, in that Plaintiffs will have lost rights under the Uniform Relocation Act, 42 U.S.C. §§ 4601, *et seq.*, and

implementing regulations, 49 C.F.R. Part 24, under the federal regulations governing HUD funded projects, 24 C.F.R. Part 968, and under this Court's order of June 7, 2005 (Doc. 47). Particularly, Plaintiffs risk losing both the possibility of onsite relocation and their right under the Act, regulations and this Court's order of June 7, 2005 (Doc. 47) to reside at Washington Plaza after the completion of renovation.

I further find that Plaintiffs have no adequate remedy at law, in that retroactive monetary relief cannot compensate class members for the loss of these rights. I also find that granting preliminary relief will not result in even greater harm to Defendants. It is worthy to note that the reason there are vacancies at Washington Plaza is because members of the class vacated the units in Washington Plaza at the direction of Defendants, in connection with Defendants performing renovations to the vacated units. Therefore, many of the units in which Defendants wish to place new residents are currently vacant only because no renovations have been performed.

In addition, I find it is in the public interest that Defendants be enjoined from filling the vacant units at Washington Plaza pending further order of the Court. Such relief promotes the vindication of Federal rights under the laws and Constitution of the United States. Lastly, I find that the circumstances of this particular case justify the unusual practice of not requiring Plaintiffs to post security.

As such, the Court's order of June 7, 2005 (Doc. 47) is supplemented in accordance with this Order, and Defendants are hereby **ENJOINED** from filling vacant units at Washington Plaza Apartments until further order of the Court.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge